

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3796 | **DATE** | 5/15/2003 |
| **CASE TITLE** | Donna Jean Ramey vs. City of Chicago, et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   **ENTER MEMORANDUM OPINION AND ORDER: defendants' Rule 12(b)(1) motion to dismiss is granted as to plaintiff's federal takings claim, which is dismissed without prejudice for lack of subject matter jurisdiction. The Court declines to exercise its supplemental jurisdiction over the state-law claims plaintiff asserts in her complaint, which are dismissed without prejudice to refiling in state court. This is a final and appealable order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 1 9 2003 | |
| ✓ | Docketing to mail notices. | | date docketed | 33 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | date mailed notice | |
| | TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

FILED FOR DOCKETING

03 MAY 19 AM 10:09

CLERK
U.S. DISTRICT COURT

DOCKETED
MAY 1 9 2003

DONNA JEAN RAMEY, )
)
      Plaintiff, )
)
v. )     No. 02 C 3796
)     Paul E. Plunkett, Senior Judge
CITY OF CHICAGO and ARENDA )
TROUTMAN, Alderman, )
)
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

In November 1999, the City erroneously amended its zoning map to reflect that plaintiff's property had been downzoned, though no zoning change had been effected. Plaintiff contends that error violated her rights under the Illinois and United States Constitutions and that defendants took other actions in violation of state law. Defendants have filed motions pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6) to dismiss the amended complaint. For the reasons set forth below, the Rule 12(b)(1) motion is granted with respect to plaintiff's federal claim and the Court declines to exercise its supplemental jurisdiction over plaintiff's state-law claims.

## Facts

Plaintiff is the beneficial owner of property located at 403-413 East 61st Street, 6101-6109 South Martin Luther King Drive in the 20th Ward of the City of Chicago. (Am. Compl. ¶ 5.) The building contains eight commercial units on the ground floor and four residential units on the second floor. (Id. ¶ 6.)

When plaintiff purchased the property in 1986, it was zoned B4-3, a classification that allows both businesses and residences. (Id. ¶¶ 6-7.) In November 1999, the City enacted an ordinance, sponsored by

33

defendant Troutman, that changed the zoning of the area near plaintiff's property to R-3, a primarily residential district. (Id. ¶¶ 8-9.) Though the rezoning did not include plaintiff's property, the City departments that prepare zoning maps, issue building permits and issue business licenses were erroneously told that it did. (Id. ¶¶ 10-11.) As a result, existing or prospective commercial tenants of plaintiff's building were unable to secure from the City the necessary permits and licenses to do business there. (Id. ¶¶ 14-23, 25.) Consequently, they terminated their leases, or their negotiations to enter into them, causing plaintiff to incur more than $100,000.00 in damages. (Id.)

### The Legal Standard

In ruling on defendants' motions, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000) (stating standard for Rule 12(b)(6) motion); United Transp. Union v. Gateway W. Ry. Co., 78 F.3d 1208, 1210 (7th Cir. 1996) (stating standard for Rule 12(b)(1) motion without evidentiary submissions). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### Discussion

#### Federal Claim

In Count I of her amended complaint, plaintiff alleges that the City effected a temporary taking of her property without just compensation in violation of her federal and state constitutional rights. The City contends that the federal claim is not ripe. The Court agrees. A federal regulatory taking claim is ripe for adjudication only if the plaintiff has pursued available state remedies for seeking compensation. Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 194 (1985); Forseth, 199 F.3d at 372 (stating that Williamson applies to temporary takings claims). Plaintiff does not allege that she pursued state court remedies to seek compensation. Rather, she says that she was not required to do so.

Because the alleged taking denied her all reasonable economic use of her property, plaintiff says, her case is exempt from Williamson's ripeness requirements. (See Pl.'s Resp. at 3.)

Unfortunately for plaintiff, Lucas v. South Carolina Coastal Council, 505 U.S. 1003 (1992), the case she cites for that proposition, says no such thing. In Lucas, the Supreme Court sought to identify the point at which the regulation of land use becomes a "taking" within the meaning of the Fifth Amendment. Id. at 1014-15. Historically, the Court noted, its "regulatory takings jurisprudence . . . eschewed any set formula for determining how far is too far, preferring to engage in essentially ad hoc, factual inquiries" into the regulation's impact on the property owner and the public interest it was said to serve. Id. at 1015 (internal quotation marks, alterations and citations omitted). Nonetheless, the Court said, it had consistently deemed land-use regulations that deprived property owners of all "economically beneficial . . use of [their] land" to be compensable takings, without engaging in the usual fact-specific inquiry. Id. Ultimately, the Lucas Court made explicit that which was implied in the Court's earlier regulatory takings cases: a regulation that deprives a landowner of all economically viable use of his land is a compensable taking, regardless of the importance of the public interest underlying it. Id. at 1019.

Lucas defines the parameters of a regulatory taking; it does not determine when regulatory takings claims are ripe. The latter issue, as the Lucas Court made clear, is still controlled by Williamson. See Lucas, 505 U.S. at 1010-13 & n.3 (discussing the ripeness of Lucas' claim in terms of Williamson). Because plaintiff has not pursued state remedies for compensation, as Williamson requires, her federal taking claim is not ripe and must be dismissed for lack of subject matter jurisdiction.

## State Claims

Having disposed of plaintiff's only federal claim, the Court declines to exercise its supplemental jurisdiction over her state-law claims, which are dismissed without prejudice to refiling in state court. See 28 U.S.C. § 1367(c)(3).

## Conclusion

For the reasons set forth above, defendants' Rule 12(b)(1) motion to dismiss is granted as to plaintiff's federal takings claim, which is dismissed without prejudice for lack of subject matter jurisdiction. The Court declines to exercise its supplemental jurisdiction over the state-law claims plaintiff asserts in her complaint, which are dismissed without prejudice to refiling in state court. This is a final and appealable order.

**ENTER:**

_____

**UNITED STATES DISTRICT JUDGE**

**DATED:** *May 15, 2003*